IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:12CR3020 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| LUIS D. NUNEZ, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant has moved for an order requiring the government to disclose the identity of the confidential informants and cooperating witnesses involved in this case and make them available for interviews by defense counsel.  Filing No. 23.  As to any informant or witness the government intends to call at trial, the defendant specifically requests:

1) Records and information revealing prior felony convictions, convictions for a crime involving false statements or dishonesty, or juvenile adjudications attributed to the informants, including but not limited to relevant "rap sheets."

2) Any and all records and information revealing prior misconduct or bad acts attributed to the informant(s), including, but not limited to, any acts of misconduct conducted by them.

3) Any and all consideration or promises of consideration given to the informant(s) or expected or hoped for by them.

4) Any and all threats, express or implied, direct or indirect, or other coercion made or directed against the informant.

5) The existence and identification of each occasion on which the informant(s) have testified before the court, grand jury, or other tribunal or body in connection with this or similar cases.

6) Any and all records and information which arguably could be helpful or useful for the defense in impeaching or otherwise detracting from the probative force of the government's evidence or which arguably could lead to such records or information.

7)    The names and criminal numbers of any and all other criminal cases, state or federal, in which the informant(s) have been involved either as an informant or a defendant.

Filing No. 23-1 (pp. 6-7).

The defendant has been indicted on two counts of distributing methamphetamine. One of the cooperating witnesses allegedly purchased the methamphetamine from the defendant on the two occasions identified in the indictment, and the other cooperating witness traveled with the first when these alleged drug buys occurred.  The government agrees the cooperating witnesses possess information material to this case, and it agrees that ten days prior to trial, it will disclose to the defendant the witness' identities, locations, criminal histories, and any benefits they have or may receive from cooperating.  Filing No. 25, p. 2.

The government does not, however, agree to produce the cooperating witnesses for interview by the defendant's counsel.  The government states that it is not obligated to arrange, and the witnesses are not required to participate in such an interview.  The government is correct.

A defendant's constitutional right to pretrial access to potential witnesses is not unlimited.   In determining whether the government should be ordered to arrange a witness interview, the court must consider: 1) whether the defendant has been reasonably diligent in attempting to obtain the requested information without the government's assistance, and 2) whether the defendant can demonstrate that the requested information could lead to evidence that is both material and favorable to the defense.  U.S. v. Oliver, 908 F.2d 260, 262-263 (1990).   The government concedes that the cooperating witnesses possess material information, but defense counsel has made no showing that he will be unable to contact those witnesses through his own efforts once the witness' identity and location is disclosed by the

-2-

government.  Though the prosecution may not without justification interfere with a witness' free choice to speak with a defense attorney, the witnesses may refuse to be interviewed.  U.S. v. Bittner, 728 F.2d 1038, 1041-1042 (1984).   Neither the government nor this court will demand that the witnesses speak with Nunez' counsel.

The defendant requests an order requiring the government to disclose all cases for which the cooperating witnesses were informants and the existence and identification of each occasion when they testified before the court, grand jury, or other tribunal for this case or similar cases.  The law enforcement interests served by withholding such information weighs heavily in favor of denying disclosure; particularly where, as here, the defendant has failed to show how information about other cases is, or could lead to, evidence that is both material and favorable to this defendant's case.  Oliver, 908 F.2d at 262-63

Accordingly, as to defendant's motion for disclosure of cooperating witnesses and access for interviews, (filing no. 23):

1)      In accordance with the government's representations and agreement, ten days prior to trial, the government shall disclose the identities and locations of the cooperating witnesses, their criminal histories (absent identifying factors), and the benefits the cooperating witnesses have or could reasonably anticipate receiving in exchange for their cooperation.

2)      In all other respects, the defendant's motion, (filing no. 23), is denied.

April 13, 2012.                              BY THE COURT:

                                             s/ Cheryl R. Zwart
                                             United States Magistrate Judge

---

        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.